# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2019

Lyle W. Cayce
Clerk

No. 18-40965
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID RODRIGUEZ, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-18-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Rodriguez, Sr., was convicted following a jury trial on four counts of transportation of an undocumented alien and on one count of conspiracy to transport undocumented aliens. Rodriguez was sentenced to a prison term of 48 months. He timely appeals his conviction.

Rodriguez argues that the evidence produced at trial was insufficient to support his transportation convictions and his conspiracy conviction. Both

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parties state that Rodriguez properly preserved this issue on appeal.  Properly preserved insufficiency-of-the-evidence claims are reviewed *de novo.* *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013).  However, this court determines the standard of review notwithstanding the parties' arguments. *United States v. Davis*, 380 F.3d 821, 827 (5th Cir. 2004).  Where, as here, the defendant moves for a judgment of acquittal at the end of the Government's case but fails to renew that motion after presenting evidence, the court reviews the claim for plain error.  *See United States v. Davis*, 690 F.3d 330, 336 & n.6 (5th Cir. 2012).  Because the evidence here is sufficient under the preserved standard, we need not review for plain error.

When reviewing a sufficiency-of-the-evidence challenge under the preserved standard of review, this court gives substantial deference to the jury verdict.  *Chon*, 713 F.3d at 818.  Viewing the evidence in the light most favorable to the Government, this court asks only whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Id.*  All reasonable inferences are viewed in support of the jury's verdict. *United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002).  The jury may choose among reasonable constructions of the evidence, and evidence may be direct or circumstantial.  *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007).

Rodriguez argues that the evidence was insufficient to show that he had knowledge of undocumented alien presence in his trailer, or recklessly disregarded their presence, before driving into the checkpoint.  However, circumstantial evidence, viewed in the light most favorable to the Government, supports a rational inference that Rodriguez knew that he was transporting undocumented aliens.  *See Nolasco-Rosas*, 286 F.3d at 765.  Not only did Rodriguez have control over the tractor trailer where the aliens were found,

but he also showed signs of nervousness at the checkpoint; he gave an implausible explanation as to how the aliens boarded his trailer without his knowledge; he gave an incomplete answer to a boarder agent; and he did not seem surprised when the aliens were found.  These factors support an inference of knowledge.  *See, e.g., United States v. Gutierrez-Farias*, 294 F.3d 657, 660 (5th Cir. 2002); *United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990).  Additionally, the aliens paid thousands of dollars to be smuggled into the United States, and it is not unreasonable to infer that their transport would not be entrusted to an unknowing party.  From this evidence, a rational jury could have found the knowledge element of the transportation offenses beyond a reasonable doubt.  *See Nolasco-Rosas*, 286 F.3d at 765; *see also United States v. Del Aguila-Reyes*, 722 F.2d 155, 158 (5th Cir. 1983).

Rodriguez further argues that the evidence was insufficient to show that he reached an agreement with "at least one other person" to smuggle aliens. Given the testimony of the aliens regarding the coordination of the trip, the other persons involved in the transport, and the inference that Rodriguez knew he was transporting aliens, the evidence also reasonably supports an inference that Rodriguez agreed to participate in the organized smuggling operation.  *See Chon*, 713 F.3d at 818-19.  Thus, a rational jury could have found, beyond a reasonable doubt, that Rodriguez agreed with one or more persons to smuggle aliens.  *See id.*

In light of the foregoing, there was sufficient evidence for a rational jury to find Rodriguez guilty on all counts alleged in the indictment.  *See id.*  The district court's judgment is AFFIRMED.